FILED
MAR 10 2009
U.S. DISTRICT COURT
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
MARTINSBURG DIVISION

**LINC BEERS**
**and EILEEN BEERS,**

    **Plaintiffs,**

vs.                                   Case no.: 3:09cv14

**LAW OFFICE OF THOMAS LANDIS,**

and

**THOMAS LANDIS,**

and

**PAUL KENWOOD,**

and

**OLIPHANT FINANCIAL LLC,**

    **Defendants.**

## COMPLAINT

**COME NOW** your Plaintiffs, by counsel, Aaron C. Amore, Esquire, and Kratovil & Amore, PLLC, and aver and say as follows:

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

    1.    That the Plaintiffs are citizens and residents of Berkeley County, West Virginia.

    2.    That the Plaintiffs are consumers as that term is defined in *West Virginia Code* §46A-2-122(a).

3. That Defendant, Law Office of Thomas Landis, (hereafter "Law Office") is a foreign business doing business in the State of West Virginia, with its principal place of business located at Four Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

4. That Thomas Landis (hereafter "Landis") is the responsible attorney and owner of the Law Office which performs collection work and conducts business in the State of West Virginia. His residential address is purported to be 804 Catherine Street, Philadelphia, PA 19019.

5. That Paul Kenwood (hereafter "Kenwood") was at the time of the alleged offenses an employee of and agent for both Thomas Landis and the Law Office. His business address is believed to be Four Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

6. That Oliphant Financial Services, LLC (hereafter "Oliphant") is a Florida limited liability company doing business in the State of West Virginia, with its principal place of business located at P.O. Box 2899, Sarasota, FL 34230.

7. That the Law Office is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

8. That Landis is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

9. That Kenwood is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

10. That Oliphant is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

11. That the debts allegedly owed by the Plaintiffs are "claims" as that term is defined in *West Virginia Code* §46A-2-122 (b).

12. That upon information and belief, the Law Office, Landis and Kenwood acted as a debt collector for Oliphant.

## COUNT I
## CONSUMER PROTECTION ACT VIOLATIONS

13.     Plaintiff reaffirms and re-alleges the preceding twelve (1-12) paragraphs.

14.     That in or about May and June 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs multiple times in a day in an attempt to collect its debt and did cause the Plaintiffs' telephone to ring, or engaged conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).  These calls occurred on multiple occasions on multiple dates in May and June 2008.

15.     That in or about May 2008 the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did accuse the Plaintiff Eileen Beers of being a "foreigner" and "stealing company money" in violation of West Virginia Code §46A-2-125.

16.     That in or about May 2008 the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did represent that attorneys fees of Four Thousand ($4,000) would be added to their debt in violation of *West Virginia Code* §46A-2-127(g).

17.     That in or about May 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did use profane and obscene language by calling the Plaintiffs "fucking liars" and calling them "thieves" in violation of West Virginia Code §46A-2-125

18. That in or about May 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did make legal representations about what bankruptcy could do or not do and advised that he would obstruct Plaintiff Eileen Beers naturalization process so she could not file bankruptcy. Said call violated West Virginia Code §§46A-2-123, 46A-2-124 and 46A-2-125.

19. That in or about May 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did threaten to do "whatever he must to get his client's money" and threatened to have the Plaintiff(s) "thrown in jail and have his wife discharged from the military" and to "make your life a living hell" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

20. That in or about May 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs in an attempt to collect a debt and did cause the phone to ring and then hang up on multiple occasions on multiple dates in violation of *West Virginia Code* §46A-2-125(d).

21. That in or about May 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did state "you are in big trouble and are going to jail if you don't pay" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

22. That in or about May 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs and place a false deadline on a payment in violation of *West Virginia Code* §46A-2-128.

23. That on or about 31 May 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs and threatened to "throw the Plaintiffs in jail" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

24. That on or about 2 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs and misrepresented that a check draft had bounced and threatened the Plaintiffs with prosecution for bouncing a check in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

25. That on or about 3 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

26. That in or about 3 June 2008 the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

27. That on or about 3 June 2008 the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

28. That in or about 3 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

29. That on or about 3 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

30. That on or about 4 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

31. That on or about 4 June 2008 the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

32. That on or about 4 June 2008 the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

33. That on or about 4 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

34. That on or about 4 June 2008 the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at

unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

35. That on or about 4 June 2008, the Law Office through its agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

36. That in or about June 2008 the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and demand to obtain Plaintiff Linc Beers' parents personal information.

37. That in or about June 2008 the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and were informed that the Plaintiffs were represented by counsel.

38. That in or about June 2008 the Law Office through its agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did inquire how much of a retainer had been paid and that if no retainer had been paid that the Plaintiffs did not have an attorney in violation of West Virginia Code §§46A-2-123, 46A-2-124 and 46A-2-125.

39. That on or about 13 May 2008, the Law Office through its agents and specifically through Kenwood did communicate telephonically with Bonnie Beers, mother of Linc Beers, and did inform Plaintiff's mother that a law suit was filed against her son, provided a case number "3000356" and that it was a sizeable amount but that he could not provide any more information. Said call was made in violation of West Virginia Code §46A-2-126.

41. That Bonnie Beers filed a complaint with the Office of the Attorney General for the Commonwealth of Pennsylvania.

42. That on or about 21 May 2008 the Law Office through its agents did communicate telephonically with Bonnie Beers, mother of Linc Beers, and did inform Plaintiff's mother that a law suit was filed against her son, provided a case number "3000356" that it was a sizeable amount but that they could not provide any more information. Said call was made in violation of West Virginia Code §46A-2-126.

43. That on or about 28 May 2008, the Law Office through its agents did communicate telephonically with Bonnie Beers, mother of Linc Beers, and did inform Plaintiff's mother that a law suit was filed against her son, provided a case number "3000356" that it was a sizeable amount but that they could not provide any more information. Said call was made in violation of West Virginia Code §46A-2-126.

44. That Oliphant did negligently fail to oversee the collection of its debt by its agents as set forth above.

## COUNT II

45. That the actions of the Defendants and their representatives and agents were in willful violation of the W.Va. Code §46A-2-125(d) and 46-A-5-105, since it represents a stated policy of the Defendants and was carried out by its employees knowing that it violated the laws of the State of West Virginia and therefore requires that punitive damages be assessed against the Defendants and each of them.

## COUNT III

46. That the actions of Defendants were willful and malicious activities that constitute the tort of intentional infliction of emotional distress.

## COUNT IV

47. That the actions of Defendants were willful and malicious activities that constitute the tort of outrage.

## COUNT V

48. That the actions of Defendants are criminal and that the Defendants should know that W.Va. Code §46A-5-103 provides for fines and imprisonment. Further, the Defendants, if found to be in willful violation of the laws of the State of West Virginia, could be held criminally responsible.

WHEREFORE, your Plaintiffs demand judgment against the Defendants as follows:

a) Statutory damages, as adjusted for inflation, of $4,392.96 for the Plaintiffs for each violation

b) Actual damages of $10,000 for each incident.

c) Cancellation of the debt as provided for in *West Virginia Code* § 46A-5-105.

d) Attorney fees pursuant to *West Virginia Code* § 46A-5-104, as determined by the Court.

e) An injunction, enjoining, prohibiting, and restraining the Defendants from contacting the Plaintiffs or any member of their family, as long as they are represented by counsel, and that counsel does not fail to answer correspondence, return phone calls, or discuss the obligation in question with the Defendants, or agrees to direct communication.

f) An injunction, enjoining, prohibiting, and restraining the Defendants from reporting any negative credit report information during the pendency of this litigation.

g)  Punitive damages.

h)  Correction of the Plaintiffs' credit report(s).

I)  Any other remedy in law or equity deemed proper by this Court.

**Linc Beers & Eileen Beers**
By counsel

_____
Aaron C. Amore, Esquire, WVSB No. 6455
James T. Kratovil, Esquire WVSB No. 2103
Tanya L. Godfrey WVSB No. 7448
KRATOVIL & AMORE, PLLC
211 West Washington Street
Charles Town, WV 25414
304-728-7718
amore@charlestownlaw.com