IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
MARTINSBURG DIVISION

| | | |
|---|---|---|
| LINC BEERS, | : | |
| and EILEEN BEERS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Civil Action No.:  3:09-cv-14 |
| | : | |
| LAW OFFICE OF THOMAS LANDIS, | : | |
| and | : | |
| THOMAS LANDIS, | : | |
| and | : | |
| PAUL KENWOOD, | : | |
| and | : | |
| OLIPHANT FINANCIAL LLC, | : | |
| and | : | |
| LAWRENCE WEIL, | : | |
| and | : | |
| MICHAEL CHIODO, | : | |
| and | : | |
| APM FINANCIAL SOLUTIONS, LLC, | : | |
| and | : | |
| ACCOUNT PORTFOLIO MANAGEMENT, | : | |
| LLC, | : | |
| And | : | |
| vCOLLECT GLOBAL, INC., | : | |
| and | : | |
| MARY WEIL, | : | |
| | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

**COMES NOW** your Plaintiffs, by counsel, Aaron C. Amore, and Kratovil & Amore,

PLLC and avers and says:

## INTRODUCTION

The causes of action set forth in this amended complaint are based upon violations of the

*Page 1 of 18*

Exhibit A

West Virginia Consumer Credit and Protection Act and 18 U.S.C. 1961 et seq.

The Defendants Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect Global Inc., did conspire and participate in a scheme to create several limited liability company which were designed to employ abusive collection tactics aimed at vulnerable consumers. The tactics employed involved multiple harassing calls designed to break the will of  a consumer with the intention of collecting monies. The purpose of this endeavor was to extort monies from consumers by use of illegal means.

Lawrence Weil is a convicted felon who was prosecuted and plead guilty to one count of violating 12 U.S.C. Sec 78j(b) and 78f(f) for conspiring to commit securities fraud between November 1991 and November 1999 in *United States of America v. Sean Hart Neil White Joseph Orlando Lawrence Weil*273 F.3d 363 (3rd Cir. 2001). The Third Circuit Court of Appeals found that

> "[a]s part of the scheme, some of the defendants recruited and trained young, inexperienced brokers to carry out the fraud via a 'three call system.' These calls were made with scripts developed by managers (like White) and distributed to the brokers (by Orlando, among others). The sales scripts used in this three-tier calling system failed to disclose the risks of the speculative Wegard stocks, contained false statements of material fact, and made baseless predictions of future growth. In order to sell as many of these "recommended stocks" as possible, Orlando and others directed the young brokers to employ aggressive boiler room tactics. For example, brokers were trained to fraudulently inform customers that stocks could only be purchased in "blocks" of hundreds or even thousands of shares. Brokers were also instructed to ignore the financial status of the buyer or the suitability of stocks for a particular customer." Further, the "Defendants actively concealed the conspiracy from investigators."

Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect Global Inc., would hire yound or inexperienced

*Page 2 of 18*

Exhibit A

worker and would provide specific direction on collection techniques to be employed. These

Defendants would routinely threaten their employees with discharge or have their pay cut in half

if they did not produce results in the form of increased collections amounts every month.

Untrained, undisciplined employees were encouraged to use whatever means possible to collect

money. Tactics such as threatening consumers with prosecution discharge from their

employment and false claims of civil prosecution and garnishment were routinely made.

Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC,

APM Financial Solutions, LLC, and/or vCollect Global Inc., routinely associate themselves with

an attorney(s) who act as a mere figure-head and does not actively participate in the supervision

of agents/employees who work for these Defendants. Lawrence Weil, Mary Weil, Michael

Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect

Global Inc., associated themselves with the Law Offices of Donald S. Burak, attorney Lawrence

Heckert in New Jersey as well as the Defendant Thomas Landis. Lawrence Weil, Mary Weil,

Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or

vCollect Global Inc., use the psychological effect of placing debt collection calls with the

authority of an attorney as a device to maximize collection efforts. Neither Lawrence Weil, Mary

Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC,

and/or vCollect Global Inc., was disclosed to consumers as the collection agency. Often threats

are made by placing a consumer on hold stating the attorney would be getting on the line to

discuss the matter in an attempt to intimidate. The collection agent would then put another

person on the line who was not an attorney who then pretended to be an attorney and further

abuse the consumer(s) with false threats of legal action to collect money.

Defendant Oliphant Financial, LLC sent multiple accounts to Lawrence Weil, Mary Weil,

*Page 3 of 18*

Exhibit A

Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect Global Inc.,  for collection knowing they had been sued multiple times and that there were many complaints of harassing and illegal collection efforts by these defendants which were a matter of public record. Defendant Oliphant Financial, LLC employed Beam Software to install a computer software system which would allow it access into all collection activities for its accounts with Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and vCollect Global Inc.  This access permitted Defendant Oliphant Financial, LLC to see every call, note, letter or action taken on a collection account.

Due to prior violations of collection laws Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect Global Inc., installed a call monitoring system(s) which enabled them to see and listen to the collection calls. Despite repeated violations these defendants refused to fire the offending collection agents. The intent of Lawrence Weil, Mary Weil, Michael Chiodo, Account Portfolio Management, LLC, APM Financial Solutions, LLC, and/or vCollect Global Inc., was to target the a handful of consumers who fell prey to the strong-arm tactics employed in the collection of these accounts.

## FACTS

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

1. That the Plaintiffs are citizens and residents of Berkeley County, West Virginia.

2. That the Plaintiffs are consumers as that term is defined in *West Virginia Code* §46A-2-122(a).

3. That Defendant, Law Office of Thomas Landis, (hereafter "Law Office") is a foreign business doing business in the State of West Virginia, with its principal place of business

Exhibit A

located at Four Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

4.  That the Law Office is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

5.  That Thomas Landis (hereafter "Landis") is the responsible attorney and owner of the Law Office which performs collection work and conducts business in the State of West Virginia. His residential address is purported to be 804 Catherine Street, Philadelphia, PA 19019.

6.  That Landis is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

7.  That Paul Kenwood (hereafter "Kenwood") was at the time of the alleged offenses an employee of and agent for both Thomas Landis and the Law Office.  His business address is believed to be Four Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

8.  That Kenwood is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

9.  That Oliphant Financial Services, LLC (hereafter "Oliphant") is a Florida limited liability company doing business in the State of West Virginia, with its principal place of business located at P.O. Box 2899, Sarasota, FL 34230.

10. That Oliphant is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

11. Lawrence Weil (hereafter "Weil") is alleged to be an owner/member/President of Account Portfolio Management, LLC and APM Financial Solutions, LLC., and upon information and belief, the husband of Mary Weil.

12. That Weil is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

13. Michael Chiodo (hereafter "Chiodo") is alleged to be an owner/member/Officer of vCollect Global, Inc.

14. That Chiodo is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

Exhibit A

15. That Account Portfolio Management, LLC (hereafter "APM") is a ") is a Delaware limited liability company doing business in the State of West Virginia, with its principal place of business located at Four Greenwood Squire, Suite 220, 3325 Street Road, Bensalem, Pennsylvania.

16. That APM is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

17. That APM Financial Solutions, LLC (hereafter "APMFS") is a Delaware limited liability company doing business in the State of West Virginia, with its principal place of business located at Four Greenwood Squire, Suite 220, 3325 Street Road, Bensalem, Pennsylvania.

18. That APMFS is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

19. vCollect Global, Inc. (hereafter "VCollect") is a New Jersey limited liability company doing business in the State of West Virginia, with its principal place of business located at 650 College Road East, Suite 1800, Princeton, NJ 08540.

20. VCollect is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

21. Mary Weil is alleged to be an owner/member/President of VCollect Global, Inc., and upon information and belief the wife of Lawrence Weil.

22. That Mary Weil is a debt collector as defined by *West Virginia Code* § 46A-2-122(d).

23. That the debts allegedly owed by the Plaintiffs are "claims" as that term is defined in *West Virginia Code* §46A-2-122 (b).

24. That upon information and belief, all of the above named Defendants acted as a debt collector for Oliphant.

**COUNT I**
**CONSUMER PROTECTION ACT VIOLATIONS**

*Page 6 of 18*

25. Plaintiff reaffirms and re-alleges the preceding twelve (1-25) paragraphs.

26. That in or about May and June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs multiple times in a day in an attempt to collect its debt and did cause the Plaintiffs' telephone to ring, or engaged conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).  These calls occurred on multiple occasions on multiple dates in May and June 2008.

27. That in or about May 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did accuse the Plaintiff Eileen Beers of being a "foreigner" and "stealing company money" in violation of West Virginia Code §46A-2-125.

28. That in or about May 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did represent that attorneys fees of Four Thousand ($4,000) would be added to their debt in violation of *West Virginia Code* §46A-2-127(g).

29. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents  and specifically through Kenwood did communicate telephonically with the Plaintiffs and did use profane and obscene language by calling the Plaintiffs "fucking liars" and calling them "thieves" in violation of West

*Page 7 of 18*

Exhibit A

Virginia Code §46A-2-125

30. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did make legal representations about what bankruptcy could do or not do and advised that he would obstruct Plaintiff Eileen Beers naturalization process so she could not file bankruptcy.  Said call violated West Virginia Code §§46A-2-123, 46A-2-124 and 46A-2-125.

31. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did threaten to do "whatever he must to get his client's money" and threatened to have the Plaintiff(s) "thrown in jail and have his wife discharged from the military"and to "make your life a living hell" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

32. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs in an attempt to collect a debt and did cause the phone to ring and then hang up on multiple occasions on multiple dates in violation of *West Virginia Code* §46A-2-125(d).

33. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents and specifically through Kenwood did communicate telephonically with the Plaintiffs and did state "you are in big trouble and are going to jail if you don't pay" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and  46A-2-125.

34. That in or about May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs and place a false deadline on a payment in violation of *West Virginia Code* §46A-2-128.

35. That on or about 31 May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs and threatened to "throw the Plaintiffs in jail" in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

36. That on or about 2 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents  did communicate telephonically with the Plaintiffs and misrepresented that a check draft had bounced and threatened the Plaintiffs with prosecution for bouncing a check in violation of *West Virginia Code* §§46A-2-123, 46A-2-124 and 46A-2-125.

37. That on or about 3 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

38. That in or about 3 June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

39. That on or about 3 June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

40. That in or about 3 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

41. That on or about 3 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

42. That on or about 4 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

43. That on or about 4 June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or

Exhibit A

at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

44. That on or about 4 June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

45. That on or about 4 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

46. That on or about 4 June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

47. That on or about 4 June 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with the Plaintiffs, or engaged in conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, in violation of *West Virginia Code* §46A-2-125(d).

48. That in or about June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law

Office and/or Landis through their agents and specifically through Kenwood did

communicate telephonically with the Plaintiffs and demand to obtain Plaintiff Linc Beers'

parents personal information.

49. That in or about June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law

Office and/or Landis through their agents and specifically through Kenwood did

communicate telephonically with the Plaintiffs and were informed that the Plaintiffs were

represented by counsel.

50. That in or about June 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law

Office and/or Landis through their agents and specifically through Kenwood did

communicate telephonically with the Plaintiffs and did inquire how much of a retainer

had been paid and that if no retainer had been paid that the Plaintiffs did not have an

attorney in violation of West Virginia Code §§46A-2-123, 46A-2-124 and 46A-2-125.

51. That on or about 13 May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect,

Law Office and/or Landis through their agents and specifically through Kenwood did

communicate telephonically with Bonnie Beers, mother of Linc Beers, and did inform

Plaintiff's mother that a law suit was filed against her son, provided a case number

"3000356" and that it was a sizeable amount but that he could not provide any more

information. Said call was made in violation of West Virginia Code §46A-2-126.

52. That Bonnie Beers filed a complaint with the Office of the Attorney General for the

Commonwealth of Pennsylvania.

53. That on or about 21 May 2008 Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect,

Law Office and/or Landis through their agents did communicate telephonically with

Bonnie Beers, mother of Linc Beers, and did inform Plaintiff's mother that a law suit was

filed against her son, provided a case number "3000356" that it was a sizeable amount but that they could not provide any more information.  Said call was made in violation of West Virginia Code §46A-2-126.

54. That on or about 28 May 2008, Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis through their agents did communicate telephonically with Bonnie Beers, mother of Linc Beers, and did inform Plaintiff's mother that a law suit was filed against her son, provided a case number "3000356" that it was a sizeable amount but that they could not provide any more information.  Said call was made in violation of West Virginia Code §46A-2-126.

55. That Oliphant did contract with a third-party software provider (believed to be Beam Software) to install and implement a computer software system which enabled Oliphant to see the collection activities made on its accounts by the defendants Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and Landis.

56. That Oliphant did know about and did willfully and intentionally ignore each and every violation as set forth in paragraphs numbered Fourteen (14) through Forty-Three (43).

57. That Oliphant knew or had reason to know that Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and/or Landis had engaged in illegal collection activities which were the subject of numerous civil actions, complaints to governmental agencies as well as consumer watchdogs.

58. That Oliphant knew or had reason to know that Weil was a convicted felon who had conspired with others to employ "boiler room tactics" which defrauded investors of almost One Hundred Million Dollars ($100,000,000.00).

59. That Oliphant knew or had reason to know of the illegal collection practices employed by

*Page 13 of 18*

Exhibit A

the Defendants Lawrence, Mary Weil, Chiodo, APM, APMFS, vCollect, Law Office and

Landis.

## COUNT II

60. That the actions of the Defendants and their representatives and agents were in willful

violation of the W.Va. Code §46A-2-125(d) and 46-A-5-105, since it represents a stated

policy of the Defendants and was carried out by its employees knowing that it violated

the laws of the State of West Virginia and therefore requires that punitive damages be

assessed against the Defendants and each of them.

## COUNT III

61. That the actions of Defendants were willful and malicious activities that constitute the

tort of intentional infliction of emotional distress.

## COUNT VI

## JOINT VENTURE, CONSPIRACY, AND AGENCY

62. The Plaintiffs incorporate paragraphs 1 through 62 by reference.

63. Each Defendant had a pecuniary interest in the illegal collection activities designed to

extort funds from the Plaintiffs. See 18 U.S.C. § 1951.

64. The Defendants combined their money, skill, and knowledge to carry out the enterprise,

that was designed violate both state and federal collection laws.

65. On information and belief, each Defendant had an agreement – written, oral, constructive,

or otherwise – with one another to maximize the collection of its debt through whatever

means necessary, including but not limited to extortion and illegal collection activities.

66. Each of the acts of the Defendants, hereinbefore alleged, were done in furtherance of a

joint venture in which each of the acts of each of the Defendants was pursued with a joint

*Page 14 of 18*

Exhibit A

purpose.

67. Each of the Defendants conspired to commit the unlawful acts, or lawful acts by unlawful means, hereinbefore alleged, and each is responsible for all acts alleged herein.

68. Each of the Defendants' acts was conducted as a part of the principal-agency relationship between the Defendants.

## CIVIL RICO INTRODUCTION

69. This is a complex civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 et seq.; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this honorable Circuit Court deems just and proper under all circumstances which have occasioned this amended complaint.  See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

70. These Defendants conducted or participated, directly or indirectly, in the conduct of such enterprise's affairs.

71. That Weil, Mary Weil, Landis and Chiodo conspired to create multiple legal entities to carry out their enterprise of extorting money from consumer debtors using illegal means.

72. That Weil, Mary Weil, Landis and Chiodo conspired to create multiple legal entities to carry out their enterprise of extorting money from consumer debtors using illegal means and using the United States Mail to accomplish their goals.

73. That Weil, Mary Weil, Landis and Chiodo conspired to create multiple legal entities to carry out their enterprise of extorting money from consumer debtors using illegal means and using banking institutions to transfer monies obtained from this racketeering enterprise.

74. That in addition to state and federal civil collection laws these Defendants did commit a

criminal offense by willfully violating the West Virginia Consumer Credit and Protection

Act pursuant to West Virginia Code §46A-5-103 which provides for fines and

imprisonment.

75. The primary cause of this action is a widespread criminal enterprise engaged in a pattern

of extortion and racketeering activity across State lines, and a conspiracy to engage in

racketeering and extortion activity involving numerous RICO predicate acts during the

past ten (10) calendar years.

76. The Defendants combined their money, skill, and knowledge to carry out the enterprise.

77. The Defendants have engaged in these illegal activities for several years and continue to

pursue these illegal aims.

78. The predicate acts alleged here cluster around criminal activities, threats of extortion,

obstruction of justice, obstruction of criminal investigations, obstruction of State and

local law enforcement, fraud by wire, radio or television, bank fraud and attempt and

conspiracy.  See 18 U.S.C. §§,  1510, 1511, 1343, 1344, and 1349 respectively.

79. Other RICO predicate acts, although appearing to be isolated events, were actually part of

the overall conspiracy and pattern of racketeering activity alleged herein, e.g. mail fraud,

wire fraud, bank fraud, attempt and conspiracy.  See 18 U.S.C. §§1503, 1510, 1511,

1343, 1344, and 1349 respectively.

80. That the Defendants did attempt to obtain monies, funds, credits, assets, securities, or

other property owned by, or under the custody or control of, a financial institution, by

means of false or fraudulent pretenses, representations, or promises by demanding that

the Plaintiffs give them access to their financial institutions through their personal

accounts in violation of 18 U.S.C. §1344.

*Page 16 of 18*

Exhibit A

81. The primary objective of the racketeering enterprise has been to inflict severe and sustained economic hardship upon these Plaintiffs and other consumers, with the intent of extorting money from the Plaintiffs through illegal means.

82. That at all times herein the Paul Kenwood and the Defendants' agents were working within the scope of their employment with the other Defendants.

83. That the activities of the Defendants are involved in interstate commerce.

84. That the Defendants conspired with each other to commit the violations as alleged in paragraphs Twenty through Seventy-Nine set forth herein and in violation of 18 U.S.C. §1962(d).

85. That the actions of the Defendants were the cause in fact as well as the legal and proximate of the damages suffered by the Plaintiffs who suffered serious damages including but not limited to:

    a) Actual damages;

    b) Loss ability for promotion in the military due to threats of expulsion;

    c) Treble damages;

    d) Severe emotional distress;

    e) Punitive damages;

    f) An order preventing and restraining further violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provisions for innocent persons; 18 U.S.C §1964(a).

    g) Attorney's fees and costs; and

h)  Any other relief in law or equity this Court deems proper.

**LINC BEERS and**
**EILEEN BEERS**
**By Counsel**


/s/ Aaron C. Amore
Aaron C. Amore, Esquire, WVSB No. 6455
James T. Kratovil, Esquire WVSB No. 2103
KRATOVIL & AMORE, PLLC
211 West Washington Street
P.O. Box 337
Charles Town, WV 25414
Phone:  304-728-7718
Fax:  304-728-7720
E-mail:  amore@charlestownlaw.com

Exhibit A